*ELECTRONICALLY FILED*

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF INDIANA
### EVANSVILLE DIVISION

| | | |
|---|---|---|
| ALORDO BELL, and | ) | |
| MICHAEL FLEMING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 3:12-cv-72 RLY-WGH |
| | ) | |
| | ) | |
| MICHAEL WARD, Individually and as an | ) | |
| Officer of the Evansville Police | ) | |
| Department; JOHN PIESZCHALSKI, | ) | |
| Individually and as an Officer of the | ) | |
| Evansville Police Department; MARCUS | ) | |
| CRAIG, Individually and as an Officer of | ) | |
| Evansville Police Department; BRYAN | ) | |
| HIRSCHMAN, Individually and as an Officer | ) | |
| of the Evansville Police Department; | ) | |
| EVANSVILLE POLICE DEPARTMENT and | ) | |
| THE CITY OF EVANSVILLE | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT, JOHN PIESZCHALSKI'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM

Comes now Defendant, John Pieszchalski ("Pieszchalski"), by counsel Ted C. Ziemer IV and Reed S. Schmitt, of the law firm Rhine Ernest LLP, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, files his Memorandum in Support of his Motion to Dismiss and in support thereof states the following:

**BACKGROUND**

Plaintiffs have filed a Complaint for Deprivation of Civil Rights by State Law Enforcement Officers and Related State Law Claims ("Complaint"), seeking One Million Dollars ($1,000,000.00) ($500,000.00 for each Plaintiff) in compensatory damages, and One Million Dollars ($1,000,000.00) ($500,000.00 for each Plaintiff) in exemplary damages. (*See* Complaint at page 21.) According to the Complaint, said damages derive from the actions of multiple defendants in an incident occurring in the parking lot at the Scottish Rite Cathedral, located in Evansville, Indiana, on May 29, 2010. The Complaint is deficient, as to Pieszchalski in that Plaintiffs make specific allegations against Officers Michael Ward, Marcus Craig and Bryan Hirschman, concerning their respective actions occurring May 29, 2010, but Plaintiffs fail to make any specific allegations against Officer Pieszchalski.

Pieszchalski respectfully submits that his motion should be granted. Plaintiffs have alleged no plausible right to recovery, and their Complaint, as it relates to Pieszchalski, should be dismissed.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal is required where there are no set of facts consistent with the allegations of the complaint that could be proved which would entitle the plaintiff to relief. *Brown v. Budz*, 398 F.3d 904, 909-09 (7th Cir. 2005). Courts accept all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them are true. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999). The complaint must, however contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It must state sufficient facts "to raise a [plaintiff's] right to relief above the speculative level." *Id.* At 555. A plaintiff has an

obligation to provide the "grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (internal citations omitted).

**ARGUMENT**

## I. Plaintiffs Have Made No Factual Allegations Against Defendant, Officer Pieszchalski

Each of the Defendants in this matter deny that Plaintiffs have any valid claims, but what is at issue here, is not whether the claims will ultimately be proven, but rather, have Plaintiffs even stated a claim as it relates to Pieszchalski. In their Complaint, Plaintiffs set forth specific allegations relating to the actions of Officers Ward, Craig, and Hirschman, on the night of May 29, 2010 (s*ee* Complaint Paragraphs 12-18). Plaintiffs, however, fail to make any specific allegations relating to Pieszchalski, other than that he was dispatched to an alleged large fight. The Complaint contains numerous references to Pieszchalski, but in each instance, they are merely conclusory allegations (*see* Complaint Paragraphs 20, 22, 28, 30, 32, 34, 36, 38, 43, 45, 47, 50, 51, 53, 54, 57, 58, 61, 62, 65, 68, 71, 74, 77, 80 and 84). In fact, of the eighty-seven (87) separate paragraphs of Plaintiffs' Complaint there are absolutely no allegations of the use of force, excessive or reasonable, by Pieszchalski contained in Plaintiffs' Complaint.

The claims raised by Plaintiffs all relate to the manner in which Plaintiffs were arrested and the use of pepperball launchers and OC Canisters to effectuate the arrests. Officer Pieszchalski did not possess a pepperball launcher or OC Canister, nor is it alleged that he possessed or used either on the night in question. Further, Officer Pieszchalski was not the arresting officer of either Plaintiff. The actions of Officers Ward, Craig, and Hirschman are alleged in specificity within the Complaint. There are no corresponding allegations of specific

misconduct against Pieszchalski contained in the Complaint. Plaintiffs plead no factual allegations that Pieszchalski used excessive force in the arrest of the Plaintiffs or otherwise violated any constitutional or statutory rights of the Plaintiffs.

As stated above, Plaintiffs have an obligation to provide "grounds of his entitlement to relief," which "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). In the current instance, it is evident that Pieszchalski has merely been lumped in with the claims against the other officers, because he was present at the scene during the incident. The standard of review for a Rule 12(b)(6) motion to dismiss is not a stringent one, as only a "short and plain statement of the claim showing that the pleader is entitled to relief" is required. Fed.R.Civ.P. 8(a)(2). However, in this instance, there is absolutely no "short and plain statement" relating to Pieszchalski's actions and how those actions give rise to Plaintiffs' claims. Plaintiffs must establish a connection between their claims for relief and Pieszchalski's actions that night, and they have wholly failed to plead those facts. Plaintiffs make no statements of fact throughout the Complaint that entitle Plaintiffs to relief from Pieszchalski. Because Pieszchalski is only cited for any wrongdoing in the legal conclusory paragraphs of the Complaint, Plaintiffs have failed to allege on the face of the Complaint any plausible facts against Pieszchalski which would meet the Plaintiffs' requirement to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

On its face, the Complaint must assert enough facts to state a plausible claim for relief. This means that for each and every count brought against Pieszchalski, Plaintiffs must plead facts which support the elements of the counts averred against him.

**A.**     **Plaintiffs Have Failed to Allege Any Facts That Defendant, Officer Pieszchalski, Violated Plaintiffs' Constitutional Rights**

In Counts I – IV, Plaintiffs have failed to plead facts against Pieszchalski which support a claim for violation of the constitutional rights of Plaintiffs.  Under the Fourth Amendment of the United States Constitution, a plaintiff must show that an unreasonable seizure has taken place, absent probable cause.  U.S. Const. Art. IV.  Under the Fourteenth Amendment of the United States Constitution, a plaintiff must show that they have been deprived of life, liberty or property, without due process of law.  U.S. Const. Art. XIV.  "To state an equal protection claim, a § 1983 plaintiff must allege that a state actor purposefully discriminated against him because of his identification with a particular (presumably historically disadvantaged) group."  *Love v. Bolinger*, 927 F.Supp. 1131, 1137 (S.D. Ind. 1996) (internal citations omitted).

In their Complaint, Plaintiffs have not alleged that Pieszchalski participated in an unreasonable search and seizure nor that probable cause was not present.  Further, Plaintiffs have plead no facts that Pieszchalski acted to deprive Plaintiffs of their life, liberty, or property without due process of law.  Plaintiffs have also not alleged that Pieszchalski purposefully discriminated against them.  Accordingly, Counts I – IV should be dismissed in full as the Counts pertain to Pieszchalski.

**B.**     **Plaintiffs Have Failed to Allege Any Facts That Defendant, Officer Pieszchalski, Violated Plaintiffs' Statutory Civil Rights**

In Counts V – VI, Plaintiffs have failed to plead facts against Pieszchalski which support a claim for violation of the statutory civil rights of Plaintiffs under 42 US § 1983.  "To bring a claim under 42 USC § 1983, a plaintiff must allege (1) that an action taken by a defendant deprived the plaintiff of a right protected by the Constitution or laws of the United States and (2) that the defendant's action was taken under color of state law."  *Love v. Bolinger*, 927 F.Supp.

1131, 1135 (S.D. Ind. 1996).

In their Complaint, Plaintiffs have not alleged that Pieszchalski took any action to deprive Plaintiffs of a Constitutional or statutory right and that Pieszchalski took that action under color of state law. Accordingly, Counts V – VI should be dismissed in full as the Counts pertain to Pieszchalski.

### C. Plaintiffs Have Failed to Allege Any Facts That Defendant, Officer Pieszchalski, Conspired to Violate Plaintiffs' Civil Rights

In Counts VIII – IX, Plaintiffs have failed to plead facts against Pieszchalski which support a claim for conspiracy to violate the civil rights of Plaintiffs. In order to prevail on this claim, a plaintiff must show the "four elements [that] comprise a civil conspiracy under § 1985: (1) a conspiracy, (2) for purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of laws, (3) an act in furtherance, and (4) injury," *Love v. Bolinger*, 927 F.Supp. 1131, 1139 (S.D. Ind. 1996) (internal citations omitted). Additionally, a plaintiff's claim under 42 USC § 1985 "is also doomed by their failure to allege any agreement or plan, which is a critical element of a conspiracy action, *Id.* citing *Sanders v. City of Indianapolis,* 837 F.Supp. 959, 963 (S.D.Ind.1992); *Heideman v. Wirsing,* 840 F.Supp. 1285, 1301 (W.D.Wis.1992), *aff'd,* 7 F.3d 659 (7th Cir.1993) ("where a complaint sets forth no facts of a previous agreement or plan, it has failed to state claim for § 1985 conspiracy").

In their Complaint, Plaintiffs have not alleged any facts to support any one of the elements of a conspiracy to deprive Plaintiffs of their civil rights. Furthermore, Plaintiffs allege no previous agreement or plan between the Defendants to conspire to violate Plaintiffs' civil rights, and as such, the claim for conspiracy must fail. Accordingly, Counts VIII – IX should be dismissed in full as the Counts pertain to Pieszchalski.

**D. Plaintiffs Have Failed to Allege Any Facts That Defendant, Officer Pieszchalski, Falsely Arrested or Imprisoned Plaintiffs**

In Counts X – XI, Plaintiffs have failed to plead facts against Pieszchalski which support a claim for the false arrest and/or imprisonment of Plaintiffs. Under Indiana law, false arrest is the unlawful restraint upon one's freedom of movement or the deprivation of one's liberty without consent. *Miller v. Anderson,* 777 N.E.2d 1100, 1104 (Ind. Ct. App. 2002). In order to prevail on a claim of false arrest, a plaintiff must establish the absence of probable cause for the arrest. *Row v. Holt,* 864 N.E.2d 1011, 1016 (Ind. 2007). "The probable cause determination turns on 'whether a reasonable person, under the facts and circumstances encountered by the arresting officer, would believe that the suspect had committed or was committing a criminal offense." *Id.* at 1017 (internal citations omitted).

A claim for "false imprisonment involves an unlawful restraint upon one's freedom of locomotion or the deprivation of liberty of another without his consent," *Dietz v. Finlay Fine Jewelry Corp.,* 754 N.E.2d 958, 967 (Ind. Ct. App. 2001). False imprisonment claim will also fail if there was probable cause for the arrest. *See Beauchamp v. City of Noblesville*, 2002 WL 1461751 at *11 (S.D. Ind. 2002), and *Roddel v. Town of Flora,* 580 N.E.2d 255, 259 (Ind. Ct. App. 1991).

In their Complaint, Plaintiffs have not alleged that Pieszchalski asserted unlawful restraint upon either of the Plaintiffs' freedom of movement or has deprived either Plaintiff of their liberty without consent. Plaintiffs have also not plead facts that Pieszchalski unlawfully restrained the Plaintiffs' freedom of locomotion, as required to make a claim for false imprisonment. Plaintiffs have not alleged that Pieszchalski was the arresting officer nor have they alleged that, if he were, that there was no probable cause for an arrest. Accordingly, Counts

X – XI should be dismissed in full as the Counts pertain to Pieszchalski.

**E.      Plaintiffs Have Failed to Allege Any Facts That Defendant, Officer Pieszchalski, Committed Assault and Battery Against Plaintiffs**

In Counts XII – XV, Plaintiffs have failed to plead facts against Pieszchalski which support a claim for assault and battery against Plaintiffs.  A claim for assault requires a plaintiff must show that an actor created an "apprehension of a harmful or offensive contact", *West v. LTV Steel Co.*, 839 F.Supp. 559, 562 (N.D. Ind. 1993).  "An actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results," *See Mullins v. Parkview Hosp., Inc.,* 865 N.E.2d 608, 610 (Ind. 2007)

In their Complaint, Plaintiffs have not alleged that Pieszchalski acted to cause harmful or offensive contact with Plaintiffs and that there was harmful contact by Pieszchalski.  Plaintiffs have also not alleged that Pieszchalski created an apprehension of a harmful or offensive contact.  Accordingly, Counts XII – XV should be dismissed in full as the Counts pertain to Pieszchalski.

**F.      Plaintiffs Have Failed to Allege Any Facts That Defendant, Officer Pieszchalski, Intentionally Inflicted Emotional Distress Against Plaintiffs**

In Counts XVI – XIX, Plaintiffs have failed to plead facts against Pieszchalski which support a claim for the intentional infliction of emotion distress against Plaintiffs.  In order to prevail on a claim of intentional infliction of emotion distress, a plaintiff must show that "a defendant (1) engages in extreme and outrageous conduct that (2) intentionally or recklessly (3) causes (4) severe emotional distress to another," *Beauchamp v. City of Noblesville*, 2002 WL 1461751 at *7 (S.D. Ind. 2002).

In their Complaint, Plaintiffs have not alleged any facts to support any one of the elements of intentional infliction of emotional distress against Pieszchalski. Accordingly, Counts XVI – XIX should be dismissed in full as the Counts pertain to Pieszchalski.

    **G.    Plaintiffs Have Failed to Allege Any Facts Against Defendant, Officer Pieszchalski, and Accordingly, the Evansville Police Department and the City of Evansville Cannot be Vicariously Liable for Any Acts or Omissions of Defendant, Officer Pieszchalski**

In Counts XX – XXI, Plaintiffs assert that Defendants, the Evansville Police Department ("EPD"), and the City of Evansville (the "City"), are vicariously liable for the acts or omissions of Pieszchalski under the doctrine of respondeat superior. However, because the Complaint should be dismissed as to Pieszchalski for the reasons provided above, it follows that the EPD and the City cannot be vicariously liable for the alleged acts and omissions of Pieszchalski. As such, Counts XX – XXI should be dismissed to the extent that the Counts pertain to Pieszchalski.

**CONCLUSION**

For all of the foregoing reasons, Defendant, John Pieszchalski's motion should be granted and the claims contained in the Complaint against him should be dismissed for failure to state a claim upon which relief can be granted.

    Respectfully submitted,

    **RHINE ERNEST LLP**


    By:    <u>s/ Ted C. Ziemer IV</u>
           Ted C. Ziemer IV
           Indiana Attorney No. 24018-53
           One Main Street, Suite 600
           Evansville, IN 47708
           Telephone: (812) 759-0600
           Facsimile: (812) 759-0601
           E-mail: tziemer@rhine-ernest.com
           Attorneys for Defendants

By:     s/ Reed S. Schmitt
        Reed S. Schmitt
        Indiana Attorney No. 2173-82
        One Main Street, Suite 600
        Evansville, IN 47708
        Telephone:  (812) 759-0600
        Facsimile:  (812) 759-0601
        E-mail: rschmitt@rhine-ernest.com
        Attorneys for Defendants


## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2012, a copy of the foregoing was filed electronically, Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

| Jared Michael Thomas, Esq. | John Andrew Goodridge, Esq. |
|---|---|
| Law Office of John Goodridge | Law Office of John Goodridge |
| jmthomas@jaglo.com | jagoodridge@att.net |
| | jagoodridge@jaglo.com |


                        s/ Ted C. Ziemer IV
                        Ted C. Ziemer IV

V:\00 C-D\City of Evansville 2-026-12-\3 - Alordo Bell & Michael Flemming v. Ward, et al\Brief in Support of Motion to Dismiss FINAL.doc

10