*ELECTRONICALLY FILED*

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ALORDO BELL, and<br>MICHAEL FLEMING,<br><br>   Plaintiffs,<br><br>v.<br><br><br>MICHAEL WARD, Individually and as an Officer of the Evansville Police Department; JOHN PIESZCHALSKI, Individually and as an Officer of the Evansville Police Department; MARCUS CRAIG, Individually and as an Officer of Evansville Police Department; BRYAN HIRSCHMAN, Individually and as an Officer of the Evansville Police Department; EVANSVILLE POLICE DEPARTMENT and THE CITY OF EVANSVILLE<br><br>   The Defendants. | Cause No. 3:12-cv-72 RLY-WGH |

## ANSWER OF DEFENDANTS MICHAEL WARD, MARCUS CRAIG, BRYAN HIRSCHMAN, THE EVANSVILLE POLICE DEPARTMENT, AND THE CITY OF EVANSVILLE, TO PLAINTIFFS' COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS BY STATE LAW ENFORCEMENT OFFICERS AND RELATED STATE LAW CLAIMS AND AFFIRMATIVE DEFENSES

Come now Defendants, Michael Ward, Marcus Craig, Bryan Hirschman, the Evansville Police Department and the City of Evansville (hereinafter collectively referred to as the "City"), by counsel Ted C. Ziemer IV and Reed S. Schmitt, of the law firm Rhine Ernest LLP; and, for their Answer to Plaintiffs' Complaint for Deprivation of Civil Rights by State Law Enforcement Officers and Related State Law Claims (hereinafter the "Complaint"), say as follows:

1. With respect to rhetorical paragraph 1, it is a rhetorical paragraph which the City need not admit or deny, but which it denies to the extent necessary.

**Jurisdiction**

2. With respect to rhetorical paragraph 2, it is a rhetorical paragraph which the City need not admit or deny, but which it denies to the extent necessary.

3. With respect to rhetorical paragraph 3, the City is without sufficient knowledge or information to form a belief as to the truth of the allegation of Plaintiffs citizenship in Indiana, and the same is therefore denied. The City denies that each defendant is a citizen of the State of Indiana, and denies that the Plaintiffs have any valid claims.

4. The City admits that the Court has jurisdiction and venue over this type of Complaint as alleged by the Plaintiff in rhetorical paragraph 4 of Plaintiffs' Complaint, but the City denies that the Plaintiffs have any valid claims.

5. The City admits that the Court has jurisdiction and venue over this type of Complaint as alleged by the Plaintiff in rhetorical paragraph 5 of Plaintiffs' Complaint, but the City denies that the Plaintiffs have any valid claims.

6. The City admits that the Court has jurisdiction and venue over this type of Complaint as alleged by the Plaintiff in rhetorical paragraph 6 of Plaintiffs' Complaint, but the City denies that the Plaintiffs have any valid claims.

**Parties**

7. The City is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in rhetorical paragraph 7 of Plaintiffs' Complaint, and the same is therefore denied.

8. The City admits the allegations contained in rhetorical paragraph 8 of Plaintiffs' Complaint, but the City denies that the Plaintiffs have any valid claims.

9. The City admits the allegations contained in rhetorical paragraph 9 of Plaintiffs' Complaint, but the City denies that the Plaintiffs have any valid claims.

10. The City admits the allegations contained in rhetorical paragraph 10 of Plaintiffs' Complaint, but the City denies that the Plaintiffs have any valid claims.

11. The City admits the allegations contained in rhetorical paragraph 11 of Plaintiffs' Complaint, but the City denies the validity of the facts set forth in the notice and denies that the Plaintiffs have any valid claims.

**Facts**

12. The City admits the allegations contained in rhetorical paragraph 12 of Plaintiffs' Complaint, but denies that the Plaintiffs have any valid claims.

13. The City admits the allegations contained in rhetorical paragraph 13 of Plaintiffs' Complaint, but denies that the Plaintiffs have any valid claims.

14. With respect to rhetorical paragraph 14, the City admits that Marcus Craig used his pepperball launcher, but the City denies each and every remaining allegation and denies that the Plaintiffs have any valid claims.

15. With respect to rhetorical paragraph 15, the City admits First Plaintiff (hereinafter referred to as "Bell") "climbed into his car", but denies that Bell was "peacefully waiting for Second Plaintiff (hereinafter referred to as "Fleming") to arrive. The City admits that Michael Ward told Bell to get out of the car, but is uncertain as to the exact language used, and the City denies that the Plaintiffs have any valid claims.

16. With respect to rhetorical paragraph 16, the City admits to Bell exiting his vehicle and to Michael Ward performing a "leg sweep" to take Bell to the ground and place Bell in handcuffs, but denies the alleged lack of resistance by Bell, and the City denies that Plaintiffs have any valid claims.

17. With respect to rhetorical paragraph 17, the City admits that Fleming approached while Bell was being handcuffed by Michael Ward, but the the City denies the remaining allegations and denies that Plaintiffs have any valid claims.

18. With respect to rhetorical paragraph 18, the City admits that Marcus Craig ordered Fleming to get on the ground and that he was under arrest, but the City denies Fleming obeyed the orders of the law enforcement officers while on the ground. The City admits to Bryan Hirschman spraying a short blast from his OC Canister, in order to stop Fleming's resistance and to effecutate the arrest, but denies that Bryan Hirschman sprayed Fleming "directly in the face." The City denies any assault on Fleming. The City denies Plaintiffs claim of making no attempt to physically resist. The City denies any abuse was inflicted upon Plaintiffs.

19. The City admits the allegations contained in rhetorical paragraph 19 of Plaintiffs' Complaint, but the City denies Plaintiffs have any valid claims.

20. The City denies each and every allegation contained in rhetorical paragraph 20 of Plaintiffs' Complaint.

21. The City is without sufficient knowledge or information to form a belief as to the truth of the allegation that Bell and Fleming were unarmed, but the City denies the remaining allegations contained in rhetorical paragraph 21 of Plaintiffs' Complaint, and denies that Plaintiffs have any valid claims.

22. The City denies each and every allegation contained in rhetorical paragraph 22 of Plaintiffs' Complaint.

23. The City denies each and every allegation contained in rhetorical paragraph 23 of Plaintiffs' Complaint.

24. The City denies each and every allegation contained in rhetorical paragraph 24 of Plaintiffs' Complaint.

25. The City denies each and every allegation contained in rhetorical paragraph 25 of Plaintiffs' Complaint.

26. The City admits the allegations contained in rhetorical paragraph 26 of Plaintiffs' Complaint, but denies that the Plaintiffs have any valid claims.

**Count I**

27. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 26 of Plaintiff's Complaint, as if the same were fully set forth herein.

28. The City denies each and every allegation contained in rhetorical paragraph 28 of Plaintiffs' Complaint.

**Count II**

29. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 28 of Plaintiff's Complaint, as if the same were fully set forth herein.

30. The City denies each and every allegation contained in rhetorical paragraph 30 of Plaintiffs' Complaint.

## Count III

31. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 30 of Plaintiff's Complaint, as if the same were fully set forth herein.

32. The City denies each and every allegation contained in rhetorical paragraph 32 of Plaintiffs' Complaint.

## Count IV

33. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 32 of Plaintiff's Complaint, as if the same were fully set forth herein.

34. The City denies each and every allegation contained in rhetorical paragraph 34 of Plaintiffs' Complaint.

## Count V

35. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 34 of Plaintiff's Complaint, as if the same were fully set forth herein.

36. The City denies each and every allegation contained in rhetorical paragraph 36 of Plaintiffs' Complaint.

## Count VI

37. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 36 of Plaintiff's Complaint, as if the same were fully set forth herein.

38. The City denies each and every allegation contained in rhetorical paragraph 38 of Plaintiffs' Complaint.

**Count VII**

39. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 38 of Plaintiff's Complaint, as if the same were fully set forth herein.

40. The City admits that it employs police officers, including Michael Ward, John Pieszchalski, Marcus Craig, and Bryan Hirschman, but denies that the Plaintiffs have any valid claims.

41. The City denies each and every allegation contained in rhetorical paragraph 41 of Plaintiffs' Complaint.

42. The City denies each and every allegation contained in rhetorical paragraph 42 of Plaintiffs' Complaint.

43. The City admits that Michael Ward, John Pieszchalski, Marcus Craig and Bryan Hirschman were acting within the scope of their employment, at all times pertinent hereto, but denies the remaining allegations contained in rhetorical paragraph 43 of Plaintiffs' Complaint, and denies that Plaintiffs have any valid claims.

**Count VIII**

44. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 43 of Plaintiff's Complaint, as if the same were fully set forth herein.

45. The City denies each and every allegation contained in rhetorical paragraph 45 of Plaintiffs' Complaint.

**Count IX**

46. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 45 of Plaintiff's Complaint, as if the same were fully set forth herein.

47. The City denies each and every allegation contained in rhetorical paragraph 47 of Plaintiffs' Complaint.

**Count X**

48. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 47 of Plaintiff's Complaint, as if the same were fully set forth herein.

49. The City admits the allegations contained in rhetorical paragraph 49 of Plaintiffs' Complaint, but the City denies that it breached these duties and denies that the Plaintiffs have any valid claims.

50. The City denies each and every allegation contained in rhetorical paragraph 50 of Plaintiffs' Complaint.

51. The City denies each and every allegation contained in rhetorical paragraph 51 of Plaintiffs' Complaint.

**Count XI**

52. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 51 of Plaintiff's Complaint, as if the same were fully set forth herein.

53. The City admits the allegations contained in rhetorical paragraph 53 of Plaintiffs' Complaint, but the City denies that it breached these duties and denies that the Plaintiffs have any valid claims.

54. The City denies each and every allegation contained in rhetorical paragraph 54 of Plaintiffs' Complaint.

## Count XII

55. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 54 of Plaintiff's Complaint, as if the same were fully set forth herein.

56. The City admits the allegations contained in rhetorical paragraph 56 of Plaintiffs' Complaint, but City denies that it breached these duties and denies that Plaintiffs have any valid claims.

57. The City denies each and every allegation contained in rhetorical paragraph 57 of Plaintiffs' Complaint.

58. The City denies each and every allegation contained in rhetorical paragraph 58 of Plaintiffs' Complaint.

## Count XIII

59. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 58 of Plaintiff's Complaint, as if the same were fully set forth herein.

60. The City admits the allegations contained in rhetorical paragraph 60 of Plaintiffs' Complaint, but denies that it breached these duties and denies that Plaintiffs have any valid claims.

61. The City denies each and every allegation contained in rhetorical paragraph 61 of Plaintiffs' Complaint.

62. The City denies each and every allegation contained in rhetorical paragraph 62 of Plaintiffs' Complaint.

## Count XIV

63. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 62 of Plaintiff's Complaint, as if the same were fully set forth herein.

64. The City admits the allegations contained in rhetorical paragraph 64 of Plaintiffs' Complaint, but denies that it breached these duties, and denies that Plaintiffs have any valid claims.

65. The City denies each and every allegation contained in rhetorical paragraph 65 of Plaintiffs' Complaint.

**Count XV**

66. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 65 of Plaintiff's Complaint, as if the same were fully set forth herein.

67. The City admits the allegations contained in rhetorical paragraph 67 of Plaintiffs' Complaint, but denies that it breached these duties, and denies that Plaintiffs have any valid claims.

68. The City denies each and every allegation contained in rhetorical paragraph 68 of Plaintiffs' Complaint.

**Count XVI**

69. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 68 of Plaintiff's Complaint, as if the same were fully set forth herein.

70. The City admits the allegations contained in paragraph 70 of Plaintiffs' Complaint, but denies that it breached these duties, and denies that Plaintiffs have any valid claims.

71. The City denies each and every allegation contained in paragraph 71 of Plaintiffs' Complaint.

**Count XVII**

72. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 71 of Plaintiff's Complaint, as if the same were fully set forth herein.

73. The City admits the allegations contained in rhetorical paragraph 73 of Plaintiffs' Complaint, but denies that it breached these duties, and denies that Plaintiffs have any valid claims.

74. The City denies each and every allegation contained in rhetorical paragraph 74 of Plaintiffs' Complaint.

### Count XVIII

75. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 74 of Plaintiff's Complaint, as if the same were fully set forth herein.

76. The City admits the allegations contained in rhetorical paragraph 76 of Plaintiffs' Complaint, but denies that it breached these duties, and denies that Plaintiffs have any valid claims.

77. The City denies each and every allegation contained in rhetorical paragraph 77 of Plaintiffs' Complaint.

### Count XIX

78. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 77 of Plaintiff's Complaint, as if the same were fully set forth herein.

79. The City admits the allegations contained in rhetorical paragraph 79 of Plaintiffs' Complaint, but denies that it breached these duties, and denies that Plaintiffs have any valid claims.

80. The City denies each and every allegation contained in rhetorical paragraph 80 of Plaintiffs' Complaint.

### Count XX

81. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 80 of Plaintiff's Complaint, as if the same were fully set forth herein.

82. The City admits the allegations contained in rhetorical paragraph 82 of Plaintiffs' Complaint, but denies that it breached these duties, and denies that Plaintiffs have any valid claims.

83. The City admits the allegations contained in rhetorical paragraph 83 of Plaintiffs' Complaint, but denies that the Plaintiffs have any valid claims.

84. The City denies each and every allegation contained in rhetorical paragraph 84 of Plaintiffs' Complaint.

## Count XXI

85. The City incorporates herein by reference its answers to rhetorical paragraphs 1 through 84 of Plaintiff's Complaint, as if the same were fully set forth herein.

86. The City admits the allegations contained in rhetorical paragraph 86 of Plaintiffs' Complaint, but denies that it breached these duties, and denies that Plaintiffs have any valid claims.

87. The City denies each and every allegation contained in rhetorical paragraph 87 of Plaintiffs' Complaint.

88. The City denies each and every allegation contained in rhetorical paragraph 88 of Plaintiffs' Complaint.

WHEREFORE, Defendants, Michael Ward, Marcus Craig, Bryan Hirschman, the Evansville Police Department, and the City of Evansville, request judgment against Plaintiffs on each and every count claimed herein, for reasonable attorney fees pursuant to 42 U.S.C § 1988 and other statutory common law authority, that the costs of this action be taxed to Plaintiffs, and for all other relief just and proper in the premises.

Respectfully submitted,

**RHINE ERNEST LLP**

By: s/ Ted C. Ziemer IV
Ted C. Ziemer IV
Indiana Attorney No. 24018-53
One Main Street, Suite 600
Evansville, IN 47708
Telephone: (812) 759-0600
Facsimile: (812) 759-0601
E-mail: tziemer@rhine-ernest.com
Attorneys for Defendants

By: s/ Reed S. Schmitt
Reed S. Schmitt
Indiana Attorney No. 2173-82
One Main Street, Suite 600
Evansville, IN 47708
Telephone: (812) 759-0600
Facsimile: (812) 759-0601
E-mail: rschmitt@rhine-ernest.com

**AFFIRMATIVE DEFENSES**

Come now Defendants, Michael Ward, Marcus Craig, Bryan Hirschman, the Evansville Police Department and the City of Evansville (hereinafter collectively referred to as the "City"), by counsel Ted C. Ziemer IV and Reed S. Schmitt, of the law firm Rhine Ernest LLP; and, for their Affirmative Defenses would respectfully show the Court as follows:

**Qualified Immunity**

Officers Michael Ward, John Pieszchalski, Marcus Craig and Bryan Hirschman, referred to herein, at all times relevant, acted in good faith within the scope of their law enforcement authority with objective reasonableness in light of the circumstances presented, and therefore, are entitled to qualified immunity to the alleged federal claims of the Plaintiffs.

### Failure to State a Claim Upon Which Relief Can Be Granted

Plaintiffs may have failed to state a claim upon which relief can be granted.

### State Tort Claim Immunity

Pursuant to the Indiana Tort Claims Act, the City is immune from personal liability to Plaintiffs in that officers and agents of it acted in their official capacity as police officers and they were in the course of enforcing the law.

### Common Law Immunity

With respect to the state tort claims of the Plaintiffs, the City has common law immunity for the enforcement of law.

### Probable Cause

The actions of Michael Ward, John Pieszchalski, Marcus Craig, and Bryan Hirschman ("Police Officer Defendants") with respect to the Plaintiffs at all times relevant were based on probable cause and reasonable suspicion to believe the Plaintiffs had committed one or more criminal offenses.

### Reasonable Force

The arrests of the Plaintiffs were justified, and the force used in effecting the arrests was reasonable in light of the circumstances. A police officer investigating suspected criminal activity and/or attempting to break up a potentially dangerous and unruly mob, may reasonably take steps to break up said crowd to ensure his safety and the safety of those in the crowd. The Police Officer Defendants' actions with respect to the Plaintiffs in the use of the pepperball launchers and OC Canisters was reasonably justified, and the force employed was minimal in relation to the Police Officer Defendants' pursuit of disorderly persons resisting arrest.

## Privilege

Any touching of the person of the Plaintiffs was privileged under the circumstances, as Police Officer Defendants were acting with reasonable belief and probable cause that Plaintiffs had committed one or more offenses and were a potential threat to the safety of the Police Officer Defendants and to others. The amount of force used was reasonable under the circumstances in effecting the arrests.

## Intentional Conduct

Damages, if any, alleged by the Plaintiffs were the result of their own willful reckless and intentional disorderly conduct and in resisting their apprehension by law enforcement, and not by reason of the act or failure to act of any Defendant herein.

## No Respondeat Superior Liability

Generally, there is no respondeat superior liability in a 42 U.S.C. § 1983 case.

## Policy, Practice and Custom

The alleged adverse actions were not taken pursuant to a governmental policy, practice, or custom.

## Mitigation of Damages

The Plaintiffs may have failed to sufficiently mitigate their alleged damages.

The City has not had the opportunity to investigate or engage in discovery regarding the allegations and, therefore, the City reserves the right to amend, supplement or modify its affirmative defenses as they become known through further investigation, research and discovery.

WHEREFORE, Defendants, Michael Ward, Marcus Craig, Bryan Hirschman, the Evansville Police Department, and the City of Evansville, request judgment against Plaintiffs on each and every count claimed herein, for reasonable attorney fees pursuant to 42 U.S.C. § 1988 and other statutory and common law authority, that the costs of this action be taxed to Plaintiffs, and for all other relief just and proper in the premises.

Respectfully submitted,

**RHINE ERNEST LLP**

By: s/ Ted C. Ziemer IV
Ted C. Ziemer IV
Indiana Attorney No. 24018-53
One Main Street, Suite 600
Evansville, IN 47708
Telephone: (812) 759-0600
Facsimile: (812) 759-0601
E-mail: tziemer@rhine-ernest.com
Attorneys for Defendants

By: s/ Reed S. Schmitt
Reed S. Schmitt
Indiana Attorney No. 2173-82
One Main Street, Suite 600
Evansville, IN 47708
Telephone: (812) 759-0600
Facsimile: (812) 759-0601
E-mail: rschmitt@rhine-ernest.com
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 30, 2012, a copy of the foregoing was filed electronically, Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Jared Michael Thomas, Esq. | John Andrew Goodridge, Esq. |
| Law Office of John Goodridge | Law Office of John Goodridge |
| jmthomas@jaglo.com | jagoodridge@att.net |
| | jagoodridge@jaglo.com |

                              s/ Ted C. Ziemer IV
                              Ted C. Ziemer IV