**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| **ALORDO BELL, and MICHAEL FLEMMING,** | ] |
| **Plaintiffs,** | ] |
| | ] |
| | ] |
| **vs.** | ]**Cause No.  3:12-cv-72 RLY-WGH** |
| | ] |
| **MICHAEL WARD, Individually** | ] |
| **and as an Officer of the Evansville Police** | ] |
| **Department; MARCUS CRAIG,** | ] |
| **Individually and as an Officer of the Evansville** | ] |
| **Police Department; BRYAN HIRSCHMAN,** | ] |
| **Individually and as an Officer of the Evansville** | ] |
| **Police Department; EVANSVILLE POLICE** | ] |
| **DEPARTMENT and THE CITY OF** | ] |
| **EVANSVILLE** | ] |
| **Defendants.** | ] |

---

**AMENDED COMPLAINT FOR DEPRIVATION OF CIVIL**
**RIGHTSBY STATE LAW ENFORCEMENT OFFICERS**
**ANDRELATED STATE LAW CLAIMS**

---

COMES NOW the First Plaintiff, Alordo Bell (hereinafter "First Plaintiff"), and

Second Plaintiff, Michael Flemming (hereinafter "Second Plaintiff"), by counsel John

Andrew Goodridge, Esq., and Jared Michel Thomas, Esq. and in this Amended

Complaint for Deprivation of Civil Rights by State Law Enforcement Officers alleges

and states to this Honorable Court as follows:

1.      Plaintiffs bring this action against the individual law enforcement officers,

and their supervisors, individually and in their official capacities, and the City of

Evansville for damages arising out of a false arrest and imprisonment, beating, other

constitutional policies and actions, and common law claims arising out of the false arrest

and imprisonment and the unreasonable use of force utilized by the defendant law enforcement officers in effectuating the First and Second Plaintiffs' false arrests and imprisonments on the 29th day of May, 2010.

**Jurisdiction**

2.      Plaintiffs bring this action against the defendants to redress the deprivation of well-established rights secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983, and the common law.

3.      Plaintiffs are citizens of the State of Indiana.  Each defendant is, upon information and belief, a citizen of the State of Indiana.  The matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §§131, 1332, and 1343(a)(3), and 42 U.S.C. §1983.

5.      Plaintiffs also invoke supplemental jurisdiction of this Honorable Court over the Plaintiffs' claims against defendants for common law violations pursuant to 28 U.S.C. §1367 as the common law claims for part of the same case and controversy.

6.      Venue is proper in this District pursuant to 28 U.S.C. §1391.

**Parties**

7.      Plaintiffs are residents of the State of Indiana.

8.      Defendant City of Evansville Operates and governs the Evansville Police Department pursuant to the laws of the State of Indiana.

9.      Defendants M. Ward, M. Craig, and B. Hirschman are sued both individually and in their official capacities. At all times pertinent hereto, defendant officers were employed by the City of Evansville.

2

10.     At the time of the alleged incident, and at all times pertinent hereto, the defendants acted under the color of law, of a statute, ordinance, regulation, custom or usage.

11.     On or about November 18, 2010, notice required by the Indiana Tort Claim Act was given to the City of Evansville by certified mail, return receipt requested. This notice set forth facts, underlying the First and Second Plaintiff's claim against the City of Evansville and its agents.  No compensation has been offered by the City of Evansville in response to this claim.

**Facts**

12.     On the 29th day of May, 2010, M. Ward and J. Pieszchalski, law enforcement officers employed by the Evansville Police Department, were dispatched to an alleged large fight in the parking lot directly north of the Scottish Rite located at 203 Chestnut, Evansville, Indiana.

13.     In an effort to disperse the large crowd, M. Ward deployed his pepper spray canister into the crowd.

14.     As Second Plaintiff was walking to his vehicle in the parking lot of the Scottish Rite, M. Craig and B. Hirschman used pepperball launchers and deployed numerous rounds at Second Plaintiff.  After being fired upon by M. Craig and B. Hirschman with pepperballs, Second Plaintiff left the area.

15.     First Plaintiff climbed into his car, located in the parking lot directly north of the Scottish Rite, and was peacefully waiting for Second Plaintiff to arrive when M. Ward began to scream and shout at First Plaintiff to exit his vehicle.  When First Plaintiff

did not exit his vehicle, M. Ward screamed to First Plaintiff to get out of the car or he would "break the [expletive] window in."

16.     First Plaintiff exited his vehicle and M. Ward performed a leg sweep to take First Plaintiff to the ground and placed him in handcuffs when First Plaintiff did not resist M. Ward or any of the other officers.

17.     While First Plaintiff was being handcuffed by M. Ward, Second Plaintiff approached slowly with his arms raised above his head and informed M. Ward and the other officers that he was going to get into the car and leave with First Plaintiff peacefully.

18.     M. Craig ordered Second Plaintiff to get on the ground and that he was under arrest.  While Second Plaintiff was on the ground and obeying the orders of the law enforcement officers, B. Hirschman sprayed Second Plaintiff directly in the face with his OC Canister and placed Second Plaintiff in handcuffs.  During the assault on Second Plaintiff, he made no attempt to physically resist the abuse being inflicted upon him.

19.     First and Second Plaintiffs were subsequently charged with Resisting Law Enforcement Officers and Disorderly Conduct.

20.     The force used by M. Ward, M. Craig, and B. Hirschman was excessive, unreasonable, violative of universally accepted standards of decency, intended as punishment, reasonably foreseeable to cause sever injury, and so brutal as to be in violation of the First and Second Plaintiffs' constitutional rights secured by the Fourth and Fourteenth Amendments of the Constitution of the United States.

21.     At all times pertinent to these allegations, First and Second Plaintiffs were unarmed, had committed no infraction or broken any law, and did not pose a threat of death or grievous bodily injury to the any of the officers.

22.     M. Ward, M. Craig, and B. Hirschman acted with actual malice toward the First and Second Plaintiffs and with willful and wanton indifference to and with deliberate disregard for the statutory and constitutionally protected rights of the First and Second Plaintiffs.  The actions of M. Ward, M. Craig, and B. Hirschman constitute unreasonable and excessive use of force and deprivation of liberty without due process of law.

23.     Upon information and belief, at all times pertinent hereto, the City of Evansville permitted and tolerated a pattern and practice of the false arrest and imprisonment of citizens, and the unreasonable use of force by law enforcement officers of the Evansville Police Department.

24.     Upon information and belief, the City of Evansville has maintained a system of review of police conduct that is so untimely and cursory as to be ineffective and to permit and tolerate false arrests and imprisonment of citizens, and the unreasonable and excessive use of force by law enforcement officers.

25.     The act, omissions, systematic flaws, policies, and customs of the City of Evansville caused law enforcement officers of the Evansville Police Department to believe that false arrest, imprisonment, and the excessive and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to make false arrests, falsely imprison, and use

excessive or unreasonable force against the First and Second Plaintiffs and others in the future.

26.     The charges of Resisting Law Enforcement Officers and Disorderly Conduct against First and Second Plaintiff's were dismissed on motion by the State on the 20th day of August, 2010.

## Count I

### VIOLATION OF CONSTITUTIONAL RIGHTS
Defendants M. Ward, M. Craig, and B. Hirschman

(First Plaintiff's Claim for Compensatory Damages)

27.     First Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 26.

28.     The false arrest, imprisonment, and intentional beating of the First Plaintiff by M. Ward, M. Craig, and B. Hirschman violated the rights of the First Plaintiff as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

## Count II

### VIOLATION OF CONSTITUTIONAL RIGHTS
Defendants M. Ward, M. Craig, and B. Hirschman

(Second Plaintiff's Claim for Compensatory Damages)

29.     Second Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 28.

30.     The false arrest, imprisonment and intentional beating of the Second Plaintiff by M. Ward, M. Craig, and B. Hirschman violated the rights of the Second

Plaintiff as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

## Count III

VIOLATION OF CONSTITUTIONAL RIGHTS
Defendants M. Ward, M. Craig, and B. Hirschman

(First Plaintiff's Claim for Exemplary Damages)

31.     First Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 30.

32.     The false arrest, imprisonment, and intentional beating of First Plaintiff by M. Ward, M. Craig, and B. Hirschman when First Plaintiff had committed no infraction or crime, was unarmed, and did not pose a threat of death or grievous bodily injury to M. Ward, M. Craig, and B. Hirschman or others, when M. Ward, M. Craig, and B. Hirschman had no lawful authority to use "deadly," unreasonable, or excessive force against him, was done with actual malice toward First Plaintiff and with willful and wanton indifference to and with deliberate disregard for the constitutional rights of the First Plaintiff.  First Plaintiff is thus entitled to exemplary damages.

## Count IV

VIOLATION OF CONSTITUTIONAL RIGHTS
Defendants M. Ward, M. Craig, and B. Hirschman

(Second Plaintiff's Claim for Exemplary Damages)

33.     Second Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 32.

34.     The false arrest, imprisonment, and intentional beating of Second Plaintiff by M. Ward, M. Craig, and B. Hirschman when Second Plaintiff had committed no

infraction or crime, was unarmed, and did not pose a threat of death or grievous bodily injury to M. Ward, M. Craig, and B. Hirschman or others, when M. Ward, M. Craig, and B. Hirschman had no lawful authority to use "deadly," unreasonable, or excessive force against him, was done with actual malice toward First Plaintiff and with willful and wanton indifference to and with deliberate disregard for the constitutional rights of the Second Plaintiff.  Second Plaintiff is thus entitled to exemplary damages.

**Count V**

VIOLATION OF STATUTORY CIVIL RIGHTS
Defendants M. Ward, M. Craig, and B. Hirschman

(First Plaintiff's Claim for Compensatory Damages)

35.     First Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 34.

36.     The false arrest, imprisonment, and intentionl beating of First Plaintiff by M. Ward, M. Craig, and B. Hirschman when the First Plaintiff had committed no infraction or crime, was unarmed, and did not pose a threat of death or grievous bodily injury to M. Ward, M. Craig, and B. Hirschman or others, when M. Ward, M. Craig, and B. Hirschman had no lawful authority to use "deadly," unreasonable, or excessive force against him, was done with actual malice toward First Plaintiff and with willful and wanton indifference and with deliberate disregard for the statutory civil rights of the First Plaintiff.

**Count VI**

VIOLATION OF STATUTORY CIVIL RIGHTS
Defendants M. Ward, M. Craig, and B. Hirschman

(Second Plaintiff's Claim for Compensatory Damages)

37.     Second Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 36.

38.     The false arrest, imprisonment, and intentional beating of Second Plaintiff by M. Ward, M. Craig, and B. Hirschman when the Second Plaintiff had committed no infraction or crime, was unarmed, and did not pose a threat of death or grievous bodily injury to M. Ward, M. Craig, and B. Hirschman or others, when M. Ward, M. Craig, and B. Hirschman had no lawful authority to use "deadly," unreasonable, or excessive force against him, was done with actual malice toward Second Plaintiff and with willful and wanton indifference and with deliberate disregard for the statutory civil rights of the Second Plaintiff.

### Count VII

VIOLATION OF CONSTITUTIONAL RIGHTS
Defendants Evansville Police Department City of Evansville

(First and Second Plaintiff's Claims for Compensatory Damages)

39.     First and Second Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 38.

40.     It was the policy and practice of the Evansville Police Department and the City of Evansville to employ certain police officers, including M. Ward, M. Craig, and B. Hirschman.

41.     It was the policy and practice of the Evansville Police Department and the City of Evansville to authorize certain officer, including M. Ward, M. Craig, and B. Hirschman, to cover up false arrests and imprisonment of citizens and the use of excessive force used in making such arrests.  This policy and practice of the Evansville Police Department and the City of Evansville encouraged and caused constitutional

violations by police officers of the Evansville Police Department, including the violation of the First and Second Plaintiffs' constitutional rights by M. Ward, M. Craig, and B. Hirschman.

42.     At all times pertinent hereto, unknown supervisors who supervise the officers who unlawfully violated the First and Second Plaintiffs' constitutional rights encouraged and tolerated the policies and practices described in the foregoing paragraphs. The Evansville Police Department, the City of Evansville, and unknown supervisors refused to adequately train, direct, supervise, or control M. Ward, M. Craig, and B. Hirschman so as to prevent the violation of First and Second Plaintiffs' constitutional rights.

43.     At all times pertinent hereto, defendants M. Ward, M. Craig, B. Hirschman and unknown supervisors were acting within the scope of their employment and pursuant to the aforementioned policies of the Evansville Police Department and the City of Evansville.  These policies and practices were enforced by unknown supervisors, and were the moving force, proximate cause, or affirmative link behind the conduct causing First and Second Plaintiffs' injuries.  The Evansville Police Department and the City of Evansville are therefore liable for the violation of the First and Second Plaintiffs' constitutional rights by M. Ward, M. Craig, and B. Hirschman.

### Count VIII

CONSPIRACY TO VIOLATE CIVIL RIGHTS
Defendants M. Ward, M. Craig, and B. Hirschman

(First Plaintiff's Claim for Compensatory Damages)

44.     First Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 43.

45.     M. Ward, M. Craig, and B. Hirschman conspired to violate the First Plaintiff's statutory civil rights as more fully described in the foregoing paragraphs in violation of 42 U.S.C. §1983, for which M. Ward, M. Craig, and B. Hirschman are individually liable.

**Count IX**

CONSPIRACY TO VIOLATE CIVIL RIGHTS
Defendants M. Ward, M. Craig, and B. Hirschman

(Second Plaintiff's Claim for Compensatory Damages)

46.     Second Plaintiff incorporates herein the allegations contained in paragraphs 1 through 45.

47.     M. Ward, M. Craig, and B. Hirschman conspired to violate the Second Plaintiff's statutory civil rights as more fully described in the foregoing paragraphs in violation of 42 U.S.C. §1983, for which M. Ward, M. Craig, and B. Hirschman are individually liable.

**Count X**

FALSE ARREST AND IMPRISONMENT
Defendants M. Ward, M. Craig, and B. Hirschman

(First and Second Plaintiffs' Claims for Compensatory Damages)

48.     First and Second Plaintiffs' incorporate herein by reference the allegations contained in paragraphs 1 through 47.

49.     M. Ward, M. Craig, and B. Hirschman, while acting as agents and employees for the City of Evansville in their capacity as law enforcement officers for the Evansville Police Department, owed a duty to perform their police duties without making false arrests of falsely imprisoning innocent citizens.

50.     The false arrest, false imprisonment, beating, verbal abuse, other abuse, and use of unreasonable, shocking, and brutal force by M. Ward, M. Craig, and B. Hirschman against First and Second Plaintiffs, when not supported by probable cause that the First and Second Plaintiff had committed, was committing, or was about to commit any infraction of the law or crime constitutes false arrest and false imprisonment for which M. Ward, M. Craig, and B. Hirschman are individually liable.

51.     As a proximate result of the false arrest and false imprisonment of the First and Second Plaintiffs committed by M. Ward, M. Craig, and B. Hirschman, the First and Second Plaintiffs were deprived of their liberty, have sustained permanent, severe, and persistent injuries, endured mental and emotional distress, and suffered loss to their reputation in the community.  These injuries have caused and will continue to cause the First and Second Plaintiff great pain and suffering, both mental and physical.

**Count XI**

FALSE ARREST AND IMPRISONMENT
Defendants M. Ward, M. Craig, and B. Hirschman

(First and Second Plaintiff's Claims for Exemplary Damages)

52.     First and Second Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 51.

53.     M. Ward, M. Craig, and B. Hirschman, while acting as agents and employees for the City of Evansville in their capacity as law enforcement officers for Evansville Police Department, owed a duty to perform their police duties without making false arrests or falsely imprisoning innocent citizens.

54.     The false arrest, false imprisonment, intentional beating, use of excessive force, verbal abuse, and other abuse of the First and Second Plaintiffs by M. Ward, M.

Craig, and B. Hirschman when not supported by probable cause that the First and Second

Plaintiffs had committed, were committing, or were about to commit any infraction of the

law or crime constitutes false arrest and false imprisonment for which M. Ward, M.

Craig, and B. Hirschman are individually liable; and when M. Ward, M. Craig, and B.

Hirschman were acting without privilege, was done with actual malice toward the First

Plaintiff and with willful and wanton indifference to and with deliberate disregard for

human life and the rights of the First and Second Plaintiffs.  First and Second Plaintiffs

are thus entitled to exemplary damages.

### Count XII

ASSAULT AND BATTERY
Defendants M. Ward, M. Craig, and B. Hirschman

(First Plaintiff's Claim for Compensatory Damages)

55.     First Plaintiff incorporates herein by reference the allegations contained in

paragraphs 1 through 54.

56.     M. Ward, M. Craig, and B. Hirschman while acting as agents and

employees for the City of Evansville in their capacity as law enforcement officers for

Evansville Police Department, owed a duty to perform their police duties without making

false arrests, falsely imprisoning citizens, or using excessive force.

57.     The beatings, verbal abuse, other abuse, and use of unreasonable,

shocking, and excessive force by M. Ward, M. Craig, and B. Hirschman when the First

Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to M.

Ward, M. Craig, and B. Hirschman or others, was without justification or provocation,

was excessive, and constitutes a batter for which M. Ward, M. Craig, and B. Hirschman

are individually liable.

58.     As a proximate result of the assault and battery committed by M. Ward, M. Craig, and B. Hirschman, the First Plaintiff has sustained permanent, severe, and persistent injuries that have caused and will continue to cause the First Plaintiff great pain and suffering, both physical and mental.

**Count XIII**

ASSAULT AND BATTERY
Defendants M. Ward, M. Craig, and B. Hirschman

(Second Plaintiff's Claim for Compensatory Damages)

59.     Second Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 58.

60.     M. Ward, M. Craig, and B. Hirschman while acting as agents and employees for the City of Evansville in their capacity as law enforcement officers for Evansville Police Department, owed a duty to perform their police duties without making false arrests, falsely imprisoning citizens, or using excessive force.

61.     The beatings, verbal abuse, other abuse, and use of unreasonable, shocking, and excessive force by M. Ward, M. Craig, and B. Hirschman when the Second Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to M. Ward, M. Craig, and B. Hirschman or others, was without justification or provocation, was excessive, and constitutes a batter for which M. Ward, M. Craig, and B. Hirschman are individually liable.

62.     As a proximate result of the assault and battery committed by M. Ward, M. Craig, and B. Hirschman, the Second Plaintiff has sustained permanent, severe, and persistent injuries that have caused and will continue to cause the First Plaintiff great pain and suffering, both physical and mental.

14

**Count XIV**

ASSAULT AND BATTERY
Defendants M. Ward, M. Craig, and B. Hirschman

(First Plaintiff's Claim for Exemplary Damages)

63.     First Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 62.

64.     M. Ward, M. Craig, and B. Hirschman, while acting as agents and employees for the City of Evansville in their capacity as law enforcement officers for Evansville Police Department, owed a duty to perform their police duties without making false arrests, falsely imprisoning citizens, or using excessive force.

65.     The intentional beatings, verbal abuse, use of excessive force, and other abuse of the First Plaintiff by M. Ward, M. Craig, and B. Hirschman when the First Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to M. Ward, M. Craig, and B. Hirschman or others, was without justification or provocation, was excessive, when M. Ward, M. Craig, and B. Hirschman were acting without privilege, was done with actual malice toward the First Plaintiff and with willful and wanton indifference to and with deliberate disregard for human life and the rights of the First Plaintiff.  First Plaintiff is thus entitled to exemplary damages.

**Count XV**

ASSAULT AND BATTERY
Defendants M. Ward, M. Craig, and B. Hirschman

(Second Plaintiff's Claim for Exemplary Damages)

66.     Second Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 65.

67.     M. Ward, M. Craig, and B. Hirschman, while acting as agents and employees for the City of Evansville in their capacity as law enforcement officers for Evansville Police Department, owed a duty to perform their police duties without making false arrests, falsely imprisoning citizens, or using excessive force.

68.     The intentional beatings, verbal abuse, use of excessive force, and other abuse of the Second Plaintiff by M. Ward, M. Craig, and B. Hirschman when the Second Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to M. Ward, M. Craig, and B. Hirschman or others, was without justification or provocation, was excessive, when M. Ward, M. Craig, and B. Hirschman were acting without privilege, was done with actual malice toward the Second Plaintiff and with willful and wanton indifference to and with deliberate disregard for human life and the rights of the Second Plaintiff.  Second Plaintiff is thus entitled to exemplary damages.

**Count XVI**

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
Defendants M. Ward, M. Craig, and B. Hirschman

(First Plaintiff's Claim for Compensatory Damages)

69.     First Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 68.

70.     M. Ward, M. Craig, and B. Hirschman while acting as agents and employees for the City of Evansville in their capacity as law enforcement officers for Evansville Police Department, owed a duty to perform their police duties without making false arrests, falsely imprisoning citizens, or using excessive force.

71.     M. Ward, M. Craig, and B. Hirschman falsely arrested, imprisoned, and intentionally beat, verbally abused, and otherwise abused the First Plaintiff in a manner

16

that was extreme, outrageous, and unjustified, and caused the First Plaintiff to suffer physical and emotional distress for which M. Ward, M. Craig, and B. Hirschman are individually liable.

### Count XVII

#### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
Defendants M. Ward, M. Craig, and B. Hirschman

(Second Plaintiff's Claim for Compensatory Damages)

72.     Second Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 71.

73.     M. Ward, M. Craig, and B. Hirschman while acting as agents and employees for the City of Evansville in their capacity as law enforcement officers for Evansville Police Department, owed a duty to perform their police duties without making false arrests, falsely imprisoning citizens, or using excessive force.

74.     M. Ward, M. Craig, and B. Hirschman falsely arrested, imprisoned, and intentionally beat, verbally abused, and otherwise abused the Second Plaintiff in a manner that was extreme, outrageous, and unjustified, and caused the Second Plaintiff to suffer physical and emotional distress for which M. Ward, M. Craig, and B. Hirschman are individually liable.

### Count XVIII

#### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
Defendants M. Ward, M. Craig, and B. Hirschman

(First Plaintiff's Claim for Exemplary Damages)

75.     First Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 74.

76.     M. Ward, M. Craig, and B. Hirschman, while acting as agents and employees for the City of Evansville in their capacity as law enforcement officers for Evansville Police Department, owed a duty to perform their police duties without making false arrests, falsely imprisoning citizens, or using excessive force.

77.     The excessive force, verbal abuse and other abuse of the First Plaintiff by M. Ward, M. Craig, and B. Hirschman was unjustified and done with actual malice and wanton indifference to and with deliberate disregard for human life and the rights of the First Plaintiff.  First Plaintiff is thus entitled to exemplary damages.

### Count XIX

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
Defendants M. Ward, M. Craig, and B. Hirschman

(Second Plaintiff's Claim for Exemplary Damages)

78.     Second Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 77.

79.     M. Ward, M. Craig, and B. Hirschman, while acting as agents and employees for the City of Evansville in their capacity as law enforcement officers for Evansville Police Department, owed a duty to perform their police duties without making false arrests, falsely imprisoning citizens, or using excessive force.

80.     The excessive force, verbal abuse and other abuse of the Second Plaintiff by M. Ward, M. Craig, and B. Hirschman was unjustified and done with actual malice and wanton indifference to and with deliberate disregard for human life and the rights of the Second Plaintiff.  Second Plaintiff is thus entitled to exemplary damages.

**Count XX**

RESPONDEAT SUPERIOR LIABILITY
Defendant City of Evansville

(First and Second Plaintiff's Claims for Compensatory Damages)

81.    First and Second Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 80.

82.    M. Ward, M. Craig, and B. Hirschman, while acting as agents and employees for the City of Evansville in their capacity as law enforcement officers for Evansville Police Department, owed a duty to perform their police duties without making false arrests, falsely imprisoning citizens, or using excessive force.

83.    At all times pertinent hereto, M. Ward, M. Craig, and B. Hirschman were acting within the scope of their employment as officers of the Evansville Police Department.

84.    The City of Evansville is liable for compensatory damages under the doctrine of respondeat superior for the intentional torts of M. Ward, M. Craig, and B. Hirschman, committed within the scope of their duties.

**Count XXI**

RESPONDEAT SUPERIOR LIABILITY
Defendant City of Evansville

(First and Second Plaintiff's Claims for Exemplary Damages)

85.    First and Second Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 84.

86.    M. Ward, M. Craig, and B. Hirschman, while acting as agents and employees for the City of Evansville in their capacity as law enforcement officers for

Evansville Police Department, owed a duty to perform their police duties without making false arrests, falsely imprisoning citizens, or using excessive force.

87.     The City of Evansville, through its agents, expressly authorizes M. Ward, M. Craig, and B. Hirschman to make false arrests, falsely imprison citizens, and use excessive force; knew, through its agents, that M. Ward, M. Craig, and B. Hirschman had a propensity for committing intentional torts, falsely arresting and imprisoning citizens, using excessive force in the line of duty, and acquiesced in M. Ward, M. Craig, and B. Hirschman's wrongful conduct.  First and Second Plaintiffs are thus entitled to exemplary damages against the City of Evansville for the malicious conduct of M. Ward, M. Craig, and B. Hirschman.

WHEREFORE, First and Second Plaintiffs request this Honorable Court enter judgment against the defendants and award the following amounts.

a.     $500,000.00 compensatory damages in favor of First Plaintiff.

b.     $500,000.00 exemplary damages in favor of First Plaintiff.

c.     $500,000.00 compensatory damages in favor of Second Plaintiff.

d.     $500,000.00 exemplary damages in favor of Second Plaintiff.

e.     The cost of this action, including reasonable attorney fees to the First Plaintiff.

f.     The cost of this action, including reasonable attorney fees to the Second Plaintiff.

f.     Any such other and further relief as this Honorable Court may deem appropriate.

Respectfully submitted,


/s/ John Andrew Goodridge, Esq.
John Andrew Goodridge, Esq.    IN Atty: 19359-65
**ATTORNEY AT LAW**
1925 W. Franklin Street
Evansville, IN 47712

20

Telephone:   812-423-5535
Facsimile:   812-423-7370

E-mail:         jgoodridge@jaglo.com
                   javanzandt@jaglo.com


/s/Jared Michel Thomas, Esq.
Jared Michel Thomas, Esq.     IN Atty: 30164-64
**ATTORNEY AT LAW**
1925 W. Franklin Street
Evansville, IN 47712

Telephone:   812-423-5535
Facsimile:   812-423-7370

E-mail:         jmthomas@jaglo.com

---

## JURY DEMAND

---

Plaintiff hereby requests trial by jury.

/s/ John Andrew Goodridge, Esq.
John Andrew Goodridge, Esq.


/s/ Jared Michel Thomas, Esq.
Jared Michel Thomas, Esq.

## CERTIFICATE OF SERVICE

I certify that on *August 28, 2012,* a copy of the foregoing *pleading* was filed electronically.  Notice of this filing was sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

Reed S. Schmitt, Esq. rschmitt@rhine-ernest.com
John Andrew Goodridge, Esq.  jagoodridge@jaglo.com
Theodore C. Ziemer, IV, Esq. tziemer@rhine-ernest.com
Jared Michel Thomas, Esq.  jmthomas@jaglo.com

/s/ John Andrew Goodridge, Esq.
John Andrew Goodridge, Esq.

/s/ Jared Michel Thomas, Esq.
Jared Michel Thomas, Esq.