UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| ALORDO BELL and MICHAEL FLEMMING, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 3:12-cv-72-WGH-RLY |
| MICHAEL WARD, Individually and as an Officer of the Evansville Police Department; MARCUS CRAIG, Individually and as an Officer of the Evansville Police Department; BRYAN HIRSCHMAN, Individually and as an Officer of the Evansville Police Department; EVANSVILLE POLICE DEPARTMENT; and THE CITY OF EVANSVILLE; | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO STRIKE
EXPERT TESTIMONY OF MICHAEL LYMAN**

On October 8, 2013, the Defendants moved the Court to prohibit the Plaintiffs from offering any testimony at trial, at any hearing, or in support of any motion, from Dr. Michael Lyman, whom the Plaintiffs intend to call as an expert witness.  (Dkt. 61).  The motion is fully briefed, and the Court, having considered the motion, the parties' filings, and relevant law, and being duly advised, hereby takes the motion **UNDER ADVISEMENT**.[1]

---

[1] The Court acknowledges and denies the Defendants' request for oral argument on this motion.

## I.   Background

On November 21, 2012, the Court approved the parties' jointly filed Case Management Plan, thereby setting the matter for trial beginning April 9, 2014, and calling the Plaintiffs to disclose the report of any expert witness by June 1, 2013.  (Dkt. 27 at 2; Dkt. 25 at ¶ III(F)).  On June 28, 2013, Plaintiffs' counsel discovered he had entered that deadline incorrectly on his calendar and sought an extension from Defendants' counsel.  (*See* Dkt. 56 at ¶¶ 3, 7; Dkt. 61 at ¶ 2).  On August 9, the Plaintiffs moved the Court to further extend the disclosure deadline to September 30.  (Dkt. 56).  The Court granted the motion on August 16 over the Defendants' objection but warned that "further extensions will not likely be granted."  (Dkt. 58).

On September 30, the Plaintiffs disclosed that they intended to call Dr. Lyman as an expert witness but did not include Dr. Lyman's written report.  (Dkt. 61 at ¶ 7; Dkt. 65 at 3).  Accordingly, the Defendants moved the Court on October 8 to forbid the Plaintiffs to offer any testimony from Dr. Lyman at trial, at any hearing, or in support of any motion.  (Dkt. 61).  The Defendants argue that the Plaintiffs' repeated breach of the Case Management Plan—and now the Court's order of August 16—compel exclusion under our Circuit's application of Federal Rule of Civil Procedure 37(c)(1).  (Dkt. 61 at ¶¶ 10–16).  In response, the Plaintiffs argue that exclusion is not warranted and that Dr. Lyman's report need not be disclosed until all depositions in this matter have been completed. (Dkt. 65 at 3–4).

## II.     Discussion

Federal Rule of Civil Procedure 26(a)(2) requires litigants to disclose to one another certain information about expert witnesses they intend to call at trial.  Parties must adhere to disclosure deadlines established by stipulation or court order.  Fed. R. Civ. P. 26(a)(2)(C).  Simply disclosing the expert's name and contact information is not enough: A litigant has not complied with the disclosure requirement until she has disclosed the expert's written report.  Fed. R. Civ. P. 26(a)(2)(B); *see also Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008).

A party who fails to provide information required by Rule 26(a)(2) may not present the expert witness or his testimony "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  "This sanction is automatic and mandatory unless the offending party can establish that its violation of Rule 26(a)(2) was either justified or harmless." *Ciomber*, 527 F.3d at 641 (internal quotations and citations omitted).  Whether expert testimony should be excluded under Rule 37(c)(1) is a matter within the Court's discretion.  *Sherrod v. Lingle*, 223 F.3d 605, 612 (7th Cir. 2000).

Our Court of Appeals has foreclosed the Plaintiffs' argument that their failure to disclose Dr. Lyman's report was harmless because they have "put the Defendants upon notice of the expert's identity and his expertise." (*See* Dkt. 65 at 3).  Rule 26 requires disclosure of experts' reports—not just their identities—

3

because information about their opinions and methods are essential to trial preparation. *See Ciomber*, 527 F.3d at 642–43. Accordingly, Rule 37 makes no exceptions for substantial compliance. *Sherrod*, 223 F.3d at 613.

The Court also must reject the Plaintiffs' argument that their failure to disclose Dr. Lyman's report was justified because both parties have witnesses left to depose. (*See* Dkt. 65 at 3). Ideally, discovery would cling to a tidy schedule, and experts would draft their reports with the benefit of deposition testimony from all witnesses. The Court's previous awards of extensions reflect its understanding that the realities of litigation demand some flexibility. This trial remains set to begin—as the parties requested—on April 9. If the parties are to be prepared, disclosure cannot be delayed for the sake of adherence to a back-loaded deposition schedule or the Plaintiffs' ideal sequence of events.

Nevertheless, the Court remains mindful that exclusion of expert testimony can effectively dismiss a claim. Rule 37's justified-or-harmless standard reflects that, in such cases, exclusion is proper only if it is what "'a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction.'" *Sherrod*, 223 F.3d at 612 (quoting *Salgado v. General Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998)).

The Court perceives that Dr. Lyman's testimony will be critical to the Plaintiffs' ability to have the merits of their case heard. It is this Court's practice—and its duty under *Sherrod*—to resolve cases on their merits where possible. By delaying, the Plaintiffs' attorneys no doubt have inconvenienced

the Defendants.  Moreover, they have ignored both the Case Management Plan to which they agreed to and the deadline the Court extended at their request. Even so, the Court anticipates that a final, modest extension should enable the jury to hear important testimony and leave the Defendants with adequate time to prepare for trial.

### III. Conclusion

For the foregoing reasons, the Court takes the Defendants' motion **UNDER ADVISEMENT**.  The Court grants the Plaintiffs leave to disclose Dr. Lyman's report by **January 15, 2014**.  This still would provide the Defendants with nearly 90 days—a time sufficient in the Court's opinion and embraced by Rule 26—to cross-examine Dr. Lyman and prepare for trial.

This deadline applies regardless of when the parties expect other discovery to conclude.  The Court leaves unresolved whether the Plaintiffs may amend Dr. Lyman's report based on subsequent depositions.  Because the Court has already granted the Plaintiffs multiple extensions, it warns that it is not likely to grant leave to amend the report.

The Court is cognizant of its earlier warning and recognizes that this order amounts to granting the Plaintiffs an additional extension.   Therefore, the Court states unequivocally: **The Plaintiffs' deadline to disclose Dr. Lyman's report will not extend beyond January 15.**  If the Plaintiffs fail to

5

disclose Dr. Lyman's report by January 15, the Court will grant the Defendants' motion **without further notice** to the Plaintiffs.

    **SO ORDERED** the 9th day of December, 2013.

                                                                         _____
                                                                         William G. Hussmann, Jr.
                                                                         United States Magistrate Judge
                                                                         Southern District of Indiana

**Distribution to all ECF-registered counsel of record via email.**